IN THE COURT OF CRIMINAL APPEALS


OF TEXAS
 





NO. WR-80,439-01






EX PARTE TERRON PENEVRICK MITCHELL, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. F1018049 IN THE 145TH DISTRICT COURT


FROM NACOGDOCHES COUNTY






 Per curiam.


O P I N I O N



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession of a
controlled substance and tampering with physical evidence and sentenced to five years' and thirty-five years' imprisonment, respectively. 

 Applicant contends that appellate counsel rendered ineffective assistance because counsel
failed to file a motion and affidavit for a free trial transcript after counsel was informed of
Applicant's inability to pay. We remanded this application to the trial court for findings of fact and
conclusions of law.

 The trial court has determined that appellate counsel's performance was deficient and that
counsel's deficient performance prejudiced Applicant. We find that Applicant is entitled to the
opportunity to file an out-of-time appeal of the judgment of conviction in Cause No. F1018049 from
the 145th District Court of Nacogdoches County. Applicant is ordered returned to that time at which
he may give a written notice of appeal so that he may then, with the aid of counsel, obtain a
meaningful appeal. Within ten days of the issuance of this opinion, the trial court shall determine
whether Applicant is currently indigent. If Applicant is indigent and wishes to be represented by
counsel, the trial court shall immediately appoint an attorney to represent Applicant on direct appeal.
All time limits shall be calculated as if the sentence had been imposed on the date on which the
mandate of this Court issues. We hold that, should Applicant desire to prosecute an appeal, he must
take affirmative steps to file a written notice of appeal in the trial court within 30 days after the
mandate of this Court issues.

 Copies of this opinion shall be sent to the Texas Department of Criminal Justice-Correctional
Institutions Division and Pardons and Paroles Division.


Delivered: February 26, 2014

Do not publish